UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALEXANDER JASON WOODLEY,<br><br>        Petitioner,<br><br>v.<br><br>RANDY BLADES,<br><br>        Respondent. | Case No. 1:10-CV-00256-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

      This case was recently reassigned to this Court for all further proceedings. Pending before the Court are Petitioner's Motion to Stay (Dkt. 9), Respondent's Motion to Dismiss (Dkt. 19), Petitioner's Request for Documents (Dkt. 23), and Petitioner's Motion Clarifying Amended Petition (Dkt. 28). Having reviewed the motions, response, the record in this case, and the state court record, the Court finds that oral argument is unnecessary. Accordingly, the Court enters the following Order.

## BACKGROUND

      Petitioner pled guilty to and was convicted of the crime of Driving Under the Influence of Alcohol. Because he had two prior convictions, the new conviction was classified as a felony. Judgment was entered in the Seventh Judicial District Court for the State of Idaho, in Bingham County, Idaho on May 21, 2007. (State's Lodging A-1, pp. 90-94.) Petitioner was given a unified sentence of seven years with the first four years fixed,

but the sentence was suspended, and Petitioner was placed on probation. (*Id.*, pp. 91-98.)

Petitioner filed and began pursuit of a direct appeal (State's Lodging A-1, pp. 153-56), but the appeal was later dismissed for failure to pay the fees and expenses. (State's Lodgings B-1 to B-3.)

As a result of a probation violation, an order revoking probation and retaining jurisdiction was entered on February 1, 2008, (State's Lodging A-1, pp. 150-52), and Petitioner filed a notice of appeal on March 5, 2008. (*Id.*, pp. 153-56.) Petitioner filed a motion to withdraw his guilty plea on April 11, 2008. (*Id.*, pp. 165-67.) The trial court denied the motion to withdraw the guilty plea (State's Lodging A-9, pp. 138-47), and relinquished jurisdiction on September 4, 2008. ( *Id.*, pp. 160-65.)

Petitioner next filed a Rule 35 Motion for Correction or Reduction of Sentence on September 24, 2008, which was denied. (*Id.*, pp. 167-71.) Petitioner's appeal addressed the revocation of probation, relinquishment of jurisdiction, and denial of the Rule 35 motion. (State's Lodging C-1.) The Idaho Court of Appeals affirmed the state district court's rulings, and the Idaho Supreme Court denied Petitioner's petition for review. (State's Lodgings C-8 & C-11).

Petitioner filed an application for post-conviction review. (State's Lodging D-1.) On November 10, 2010, the state district court granted the application in part, ordering that the time period be reopened for Petitioner to file a notice of appeal regarding denial of the motion to withdraw the guilty plea. (State's Lodging D-4.) A notice of appeal was filed on December 9, 2010. (*Id.*) That action remains pending.

**MEMORANDUM DECISION AND ORDER - 2**

# PETITIONER'S MOTION TO STAY; PETITIONER'S AMENDED PETITION; AND RESPONDENT'S MOTION TO DISMISS

Petitioner has filed a Motion to Stay (Dkt. 9), requesting that this federal habeas corpus case be stayed pending the outcome of his post-conviction appeal. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Court determined that federal district courts have discretion to stay a habeas petition to allow the petitioner to present his unexhausted claims to the state court and then to return to federal court to litigate all of his claims. *Id*. at 276-77. In determining whether to exercise discretion to grant a stay, the district court should consider whether the petitioner had good cause for his failure to exhaust, whether his unexhausted claims are potentially meritorious, and whether there is any indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 277. A stay cannot be granted unless at least one of Petitioner's claims is exhausted.

In the pending Motion to Dismiss (Dkt. 19), Respondent argues that Petitioner's federal Habeas Corpus Petition contains only unexhausted claims, making the Petition ineligible for a stay. In response, Petitioner filed an Amended Petition. (Dkt. 24.)

The Court finds and concludes that Petitioner has met the requirements of good cause for his failure to exhaust his new claim because the state court permitted reopening of the time period for Petitioner's state-court appeal; under a liberal construction, the unexhausted claim is potentially meritorious; and Petitioner has been steadily pursuing

his claims in state court without undue delay.[1]

The only question that arises is that the present claims in Petitioner's Amended Petition that would serve as the basis for the case to be stayed are exhausted, but not *properly* exhausted and, therefore, procedurally defaulted. Petitioner's first appeal was dismissed for failure to pay appeal fees and expenses prior to adjudication of the appeal. Thus, no claim was properly exhausted in that action.

Petitioner's second appeal addressed revocation of probation, relinquishment of jurisdiction, and failure to grant a Rule 35 motion for reduction of sentence. Each of these claims was presented as a state-law abuse-of-discretion claim, and that is how the state appellate court addressed the claims. (State's Lodgings C-1 & C-8.) Therefore, no federal claim was properly exhausted during that appeal.

There is no indication that Petitioner could return to court to *properly* exhaust these claims. However, before such claims can be dismissed from this action, Petitioner must be given the opportunity to show whether the cause and prejudice or miscarriage of

---

[1] Petitioner is incorrect in his assertion that state courts cannot rule on federal issues. To the contrary, petitioners are required to present their federal claims to the state courts, or they cannot proceed on the same claims in a federal habeas corpus action. Title 28 U.S.C. § 2254(b)(1)(a) provides that before a habeas petitioner may present an issue for federal court review, he must first have presented it to the highest state court for review. The Supreme Court explained the requirement very simply in *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999):
> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

**MEMORANDUM DECISION AND ORDER - 4**

justice exceptions apply to permit his claims to be adjudicated.

To entertain cause and prejudice and miscarriage of justice arguments at this time would prove to be a duplication (and, indeed, a waste) of judicial resources, because if Petitioner is permitted to withdraw his guilty plea as a result of his pending state-court appeal, then this federal-court action will be unnecessary. Because it is not clear from the cases governing this area of law that such claims cannot be stayed under the circumstances, the Court will permit amendment and stay this action.

Petitioner shall file a motion to re-open the case within thirty (30) days after his post-conviction action is completed (through the level of the Idaho Supreme Court). Nothing further shall be filed in this action until then. For internal case management purposes only, the Court will administratively terminate the case while it is stayed. Consequently, Respondent's Motion for Summary Dismissal will be denied.

## PETITIONER'S REQUEST FOR DOCUMENTS

Petitioner requests a copy of the state court records that Respondent has lodged. He states that he needs the record to respond to the Motion to Dismiss. Because the Motion to Dismiss will be denied, his request is moot. However, after the case is re-opened, Petitioner may renew his Motion for any records he does not possess that are included in Respondent's Notice of Lodging or any supplemental Notice of Lodging.

# ORDER

**IT IS ORDERED:**

1. Petitioner's Motion to Stay (Dkt. 9) is GRANTED. For internal case management purposes only, the Clerk of Court shall administratively terminate the case while it is stayed.

2. Respondent's Motion to Dismiss (Dkt. 19) is DENIED.

3. Petitioner's Request for Documents (Dkt. 23) is DENIED without prejudice.

4. Petitioner's Motion Clarifying Amended Petition (Dkt. 28) is GRANTED to the extent that the Court authorizes the Amended Petition (Dkt. 24) to be filed.

5. Petitioner shall file a motion to re-open the case within thirty (30) days after his post-conviction action is completed.

DATED: **February 4, 2011**

Honorable Edward J. Lodge
U. S. District Judge