UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

ALEXANDER JASON WOODLEY,

Petitioner,

v.

WARDEN RANDY BLADES,

Respondent.

Case No. 1:10-cv-00256-EJL

**MEMORANDUM DECISION AND ORDER**

Pending before the Court in this habeas corpus matter is Respondent's Motion for Summary Dismissal (Dkt. 44) of the Second Amended Petition (Dkt. 33). Also pending are the following motions: (1) Respondent's Motion to File an Oversize Brief in support of the Motion for Summary Dismissal (Dkt. 45); (2) Respondent's Motion to File an Oversize Reply Brief (Dkt. 49); (3) Petitioner's Emergency Motion seeking a reduction of the 90-day period within which Respondent is required to file an answer and requesting an order compelling Respondent to forward Petitioner all state court records (Dkt. 42); and (4) Petitioner's Motion Clarifying Objection to Motion for Summary Dismissal (Dkt. 50).

**MEMORANDUM DECISION AND ORDER  1**

Petitioner Alexander Jason Woodley filed his initial Petition in this Court (Dkt. 3) on May 19, 2010, while he was incarcerated. Although it appears that Petitioner has since been released on parole, he remains "in custody" for purposes of this habeas case. *See Goldyn v. Hayes*, 444 F.3d 1062, 1063 n.2 (9th Cir. 2006).

Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, the Court shall decide this matter on the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order conditionally dismissing the Second Amended Petition as untimely.

Respondent shall, within 10 days of the date of this Order, provide Petitioner with all relevant state court records. Petitioner shall have 14 days thereafter to file a response to this Order showing why the Court should not enter an order of final dismissal.

## PRELIMINARY MOTIONS

As an initial matter, the Court will grant Respondent's Motion to File an Oversize Brief in support of the Motion for Summary Dismissal (Dkt. 45) and Respondent's Motion to File an Oversize Reply Brief (Dkt. 49).

In his Motion Clarifying Objection to the Motion for Summary Dismissal (Dkt. 50), Petitioner sets forth additional argument on why his Second Amended Petition should not be dismissed. He also objects that Respondent's reply brief is untimely. (*Id.* at 1.)

**MEMORANDUM DECISION AND ORDER  2**

The parties argue over whether the reply was late and, if so, how late. The reply was filed on January 15, 2013. According to the Court's previous order, the reply had to be filed within 14 days after Petitioner's response was "filed and served." (Order, Dkt. 41, at 4.) Although Petitioner signed (and presumably mailed) his Objection to Respondent's Motion for Summary Dismissal on December 27, 2012 (Dkt. 47 at 7), the Court did not receive and enter it on the docket until January 2, 2013. (*See* Docket Sheet.) Assuming that Respondent similarly was not "served" with Petitioner's Objection until January 2, 2013, the reply was due on January 15, 2013. Thus, the reply was timely. Additionally, Petitioner has not identified any prejudice that would result if the Court considers the reply brief. Therefore, Petitioner's Motion Clarifying Objection will be denied.

The Court has, however, reviewed and considered all of Petitioner's arguments in all of his submissions to the Court, including the Motion Clarifying Objection.

## RESPONDENT'S MOTION FOR SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus or claims contained in the petition when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A respondent may also move for dismissal if the petition fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Dismissal may be based either on the lack of cognizable legal theories or the lack of sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). The Court takes judicial notice of the state court

**MEMORANDUM DECISION AND ORDER  3**

records lodged by the parties. Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

Respondent contends that Petitioner's claims are barred by the statute of limitations. Respondent also argues that Petitioner's claims are procedurally defaulted because (1) Petitioner did not exhaust his habeas claims in state court or (2) the state court's dismissal of his claims as untimely was based on an adequate and independent state ground.

The Court need not address Respondent's procedural default argument. The initial Petition was filed after the one-year statute of limitations had already run. *See* 28 U.S.C. § 2244(d). Because Petitioner (1) is entitled only to limited statutory tolling, (2) is not entitled to equitable tolling, and (3) has not made a colorable showing of actual innocence or that his guilty plea was involuntary, the Court will dismiss the Second Amended Petition with prejudice as untimely.

1.    **Factual and Procedural Background**

   A.    *The Plea Agreement*

Petitioner was charged with felony driving under the influence in the Seventh Judicial District for Bingham County, Idaho. On May 21, 2007, Petitioner pleaded guilty pursuant to a binding plea agreement. (State's Lodging A-2 at 12.) The agreement provided that in exchange for pleading guilty, Petitioner would not receive any additional jail time, would be granted a withheld judgment, and would receive probation. (State's Lodging A-1 at 80.) The agreement also provided that if the court did not accept the plea

**MEMORANDUM DECISION AND ORDER  4**

agreement, Petitioner would be entitled to withdraw his plea. (*Id*.)

The court later accepted the plea agreement as binding and informed Petitioner that he did not have the right to withdraw his guilty plea. (State's Lodging A-2 at 12, 20.) However, although the court placed Petitioner on probation and ordered his release, the court inadvertently did not withhold judgment as required by the plea agreement. Rather, the court entered a judgment of conviction, sentenced Petitioner to a unified sentence of 7 years imprisonment with 4 years fixed, and suspended that sentence. (*Id*. at 26; State's Lodging A-1 at 91-94.) Pursuant to the plea agreement, because the court did not enter a withheld judgment, Petitioner in fact *did* have a right to withdraw his plea. Neither the prosecution nor the defense alerted the court to its mistake.

### B.   *Direct Appeal*

Petitioner's counsel, David N. Parmenter, filed a notice of appeal on a single issue: "whether the Court erred at sentencing." (State's Lodging A-1 at 100.) However, instead of pursuing the appeal, Parmenter filed a motion to withdraw and motion to appoint the State Appellate Public Defender's Office as counsel for Petitioner. (*Id*. at 102-104.) The motion was apparently never resolved (State's Lodging D-6 at 51-52), and Parmenter took no action when the Idaho Supreme Court conditionally dismissed the appeal for failure to pay the transcript and record fees.[1] (State's Lodging B-1.) Parmenter should

---

[1] As a defendant appealing a criminal conviction, Petitioner was not required to pay these fees if he was indigent. *See Griffin v. Illinois*, 351 U.S. 12, 19-20 (1956) (holding that indigent defendants appealing their convictions must be furnished with a transcript and record without cost). It appears that Parmenter failed to file the appropriate financial affidavit so the state court could determine whether Petitioner was indigent and therefore entitled to a free record and

**MEMORANDUM DECISION AND ORDER  5**

have received this order as counsel of record, but he did not notify Petitioner. Because

Parmenter neither paid the fee nor filed the appropriate indigence affidavit within 21

days, the Supreme Court entered an order of final dismissal on October 22, 2007. (State's

Lodging B-2.) The remittitur is dated November 14, 2007 (State's Lodging B-3),

although it appears that it might not have been officially issued until November 21, 2007.

(*See* State's Lodging E-4 at 6.)

  **C.**  ***Probation Revocation***

  Meanwhile, Petitioner was having a difficult time abiding by the terms of his

probation. On August 15, 2007, while Petitioner's direct appeal was pending, his

probation officer filed a report of probation violation. (State's Lodging A-1 at 106-07.) At

his probation revocation hearing, Petitioner admitted that he had changed his residence

without the written permission of his probation officer in violation of the terms of his

probation. (State's Lodging A-3 at 4-5.) The court decided not to revoke Petitioner's

probation, but did impose additional probation terms. (*Id.* at 12; State's Lodging A-1 at

113-14.)

  Petitioner again violated his probation by failing to attend two of his appointments

with a psychologist, which his probation officer reported on October 30, 2007. (State's

Lodging A-1 at 119-20.) Shortly afterwards, on November 9, 2007, Petitioner was civilly

committed to the Eastern Idaho Regional Behavioral Health Center (BHC) for depression

---

transcript on appeal. (State's Lodging D-6 at 51-52)

**MEMORANDUM DECISION AND ORDER  6**

and suicidal ideation. (State's Lodging E-4 at 6.) At the December 31, 2007 hearing on the probation violation, the trial court again decided to allow Petitioner back out on probation. (State's Lodging A-3 at 90-93.) It appears from the record that Petitioner was released from the commitment on the day of the hearing. (*See* State's Lodging A-3 at 37, 62 (Petitioner stating during hearing that (1) he had been staying at the BHC "for treatment" for the past several weeks and (2) "[t]hey discharged me today"); *id.* at 54-55 (Petitioner's counsel stating that Petitioner's case manager "indicated that as far as the civil commitment was concerned, they were ready to release him on that commitment," that Petitioner was not on any medication, and that "adult mental health here in Bingham County . . . [has] an aftercare plan set up for him"); *id.* at 82-83 (Petitioner acknowledging that he had "a place to go tonight," and the court ordering Petitioner "not to leave" his apartment)).

Petitioner committed a third probation violation in January 2008 by, among other things, consuming alcohol. (*Id.* at 98-99.) This time, on February 1, 2008, the court revoked Petitioner's probation, but retained jurisdiction for up to 180 days and imposed a rider. (State's Lodging A-1 at 150-51.) Petitioner, proceeding pro se, filed a notice of appeal on March 5, 2008. (*Id.* at 153-56.)

### D.     *Motion to Withdraw Guilty Plea*

On April 11, 2008, while his probation revocation appeal was pending, Petitioner filed a motion to withdraw his guilty plea in the state district court. (State's Lodging F-1 at 151-53.) He claimed that (1) the plea agreement was violated, apparently because he

**MEMORANDUM DECISION AND ORDER  7**

received additional prison time following the revocation of his probation; (2) at the time of his sentencing, he was under the influence of prescription drugs and was suffering from mental health problems; and (3) Parmenter was ineffective for failing to pursue Petitioner's direct appeal. (*Id*. at 152.) Petitioner did not raise the issue of the withheld judgment. (*Id*.; *see also* State's Lodging A-4 at 6-7.)

It was the state district court itself that recognized its failure to grant the withheld judgment in accordance with the binding plea agreement. (State's Lodging A-4 at 7.) The court gave the parties an opportunity to brief the issue. The court also granted in part Petitioner's motion to dismiss his new counsel; Petitioner was allowed to represent himself "in a co-counsel sort of situation." (*Id.* at 30; *see also* State's Lodging F-2 at 320.) That is, the court would accept Petitioner's pro se filings even though his attorney was still counsel of record. (State's Lodging A-4 at 30.)

On September 4, 2008, the trial court denied Petitioner's motion as untimely, noting that "Woodley filed his Motion to Withdraw Plea ten and one-half . . . months after this Court pronounced sentence and only *after* this Court revoked Woodley's probation following the State's third Report of Violation. (State's Lodging F-2 at 302, 307-08.) The trial court explained that its jurisdiction to consider a motion to withdraw a guilty plea "expires once the judgment becomes final, either by expiration of the time for appeal or by affirmance of the judgment on appeal." (*Id*. at 308.) Because Petitioner failed to file his motion within that time period, he could not withdraw his guilty plea. With respect to the failure to pursue direct appeal, the court found that Petitioner, rather

**MEMORANDUM DECISION AND ORDER  8**

than Parmenter, was responsible for the dismissal because he failed to pay Parmenter and did not keep in contact with him. (*Id.* at 309.) No appeal was filed.

Also on September 4, 2008, the trial court relinquished jurisdiction and imposed Petitioner's original sentence. This decision was "[b]ased upon Woodley's repeated failures on probation and his inability to apply the information he learned in his programs while incarcerated" on the rider. (*Id.* at 326.)

### E.    *Motion for Reduction of Sentence*

On September 24, 2008, Petitioner filed a motion for reduction of sentence under Rule 35 of the Idaho Rules of Criminal Procedure. (*Id.* at 332-35.) The court held a hearing and denied the Rule 35 motion on November 10, 2008. (*Id.* at 350; *see also* State's Lodging A-4 at 121.)

Petitioner's appeal from the denial of the Rule 35 motion was evidently consolidated with his pending probation revocation appeal, and Petitioner was appointed counsel. Counsel's brief challenged the revocation of probation, the trial court's decision to relinquish jurisdiction, and the denial of Petitioner's Rule 35 motion. (State's Lodging C-1 at 5.) According to Petitioner, appellate counsel "refused to include [the motion to withdraw the guilty plea] in the [a]ppeal [brief], despite the Petitioner's written and oral requests." (Sec. Am. Pet. at 4.)

The Idaho Court of Appeals affirmed in all respects on June 24, 2009. (State's Lodging C-8.) The Idaho Supreme Court denied review on July 30, 2009, and the remittitur issued on September 16, 2009. (State's Lodging C-11 & C-12.)

**MEMORANDUM DECISION AND ORDER  9**

**F.**     *State Post-Conviction Petition*

On March 25, 2009, while the probation revocation and Rule 35 appeals were pending, Petitioner filed a pro se petition for post-conviction relief in the state district court pursuant to Idaho Code § 19-4901, *et seq*. Petitioner claimed that (1) his mental condition and medication affected his ability "to enter a knowing, intelligent, and voluntary plea," (2) his counsel was ineffective for failing to pursue the direct appeal or to challenge the "plea agreement violations," and (3) Petitioner was actually innocent. (State's Lodging D-5 at 8.)

In Idaho, petitions for post-conviction relief must be filed within one year "from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." Idaho Code § 19-4902(a). This one-year period began to run when the Idaho Supreme Court issued its remittitur on Petitioner's direct appeal—on November 21, 2007, at the latest—and ended a year later on November 21, 2008. *See Leer v. Idaho*, 218 P.3d 1173, 1175 (Idaho Ct. App. 2009). The post-conviction petition was filed nearly sixteen months after Petitioner's judgment of conviction became final under Idaho law.

Recognizing that his state petition was untimely, Petitioner requested equitable tolling of the statute of limitation. (State's Lodging D-5 at 53.) Petitioner was again appointed counsel, and the trial court held an evidentiary hearing on the tolling issue. (*Id*. at 53, 56; *see also* State's Lodging D-6 at 1.)

**MEMORANDUM DECISION AND ORDER   10**

After hearing the evidence, the court denied Petitioner's request for equitable tolling and held that any claims regarding the original judgment of conviction were time-barred.[2] (State's Lodging D-5 at 112.) The trial court allowed Petitioner to supplement or amend his post-conviction petition to assert any claims that might be timely. (State's Lodging D-5 at 112.) Petitioner filed a third amended post-conviction petition on May 7, 2010, claiming (1) ineffective assistance of trial counsel in failing to object to the court's failure to grant a withheld judgment; (2) ineffective assistance of trial or appellate counsel in failing to file the appropriate documents on direct appeal; (3) ineffective assistance of post-conviction counsel in failing to timely raise the issue of the violation of the plea agreement in the first petition for post-conviction relief; and (4) ineffective assistance of appellate counsel for failing to appeal the denial of Petitioner's motion to withdraw his guilty plea. (*Id*. at 184-87.)

The state district court dismissed the first three claims as untimely, but set the fourth for an evidentiary hearing, noting that the state's attorney had conceded that the fourth claim was timely. (*Id*. at 208-09.) Petitioner and Thomas Packer, Petitioner's attorney on the motion to withdraw the guilty plea, both testified. (State's Lodging D-6 at 108, 149.)

---

[2] In doing so, the trial court mistakenly stated that Petitioner had only 100 days from final judgment, or until January 30, 2008, to file his post-conviction petition. (State's Lodging D-5 at 109.) This error is not material, however, because the petition was filed more than one year after the judgment became final. *See* Idaho Code § 19-4902(a).

**MEMORANDUM DECISION AND ORDER  11**

In its findings of fact and conclusions of law, the state court found as follows:

> Woodley spoke to Packer about an appeal of the Order
> Denying Motion to Withdraw Plea. Since Woodley had
> appellate counsel (the State Appellate Public Defender),
> Woodley believed the Motion to Withdraw Plea would be
> added to his pending appeal. Packer received a telephone call
> from an attorney with the State Public Appellate Defender
> saying that the plea withdrawal issue would be addressed
> within Woodley's appeal. The issue was not included in
> Woodley's appeal.

(State's Lodging D-5 at 245.) On November 10, 2010, the court concluded that Petitioner
was entitled to post-conviction relief on his claim of ineffective assistance of counsel for
failing to appeal the court's decision denying Petitioner's motion to withdraw his guilty
plea. The court granted that relief by reissuing that decision so that Petitioner could file a
timely appeal from that decision. (*Id*. at 239-40, 248-49.)

Petitioner appealed both (1) the reissued denial of his motion to withdraw the
guilty plea, and (2) the denial of post-conviction relief on his other three claims on the
basis of the statute of limitations. (*Id*. at 254-56;)

The Idaho Court of Appeals first affirmed the trial court's denial of Petitioner's
motion to withdraw his plea, holding that the motion was untimely and that as a result the
court lacked jurisdiction to grant the motion. (State's Lodging G-14.) The court relied on
the rule that a motion to withdraw a plea must be filed before the judgment becomes final,
as explained by the Idaho Supreme Court in *Idaho v. Jakoski*, 79 P.3d 711, 714 (Idaho
2003). (*Id*. at 2-3.) The court of appeals also rejected Petitioner's argument that the
motion to withdraw his plea ought to be construed as a post-conviction petition:

**MEMORANDUM DECISION AND ORDER  12**

"[B]ecause post-conviction actions are civil in nature, 'it would be too much of a stretch to hold that a motion filed in a criminal case can be considered as a pleading commencing civil litigation.'" (*Id*. at 3) (quoting *Jakoski*, 79 P.3d at 714.) The Idaho Supreme Court declined review and issued the remittitur on November 2, 2011.

The Idaho Court of Appeals later issued a decision on Petitioner's appeal of the partial denial of post-conviction relief. (State's Lodging E-4.) The court agreed with the state district court that Petitioner's post-conviction claims of ineffective assistance of counsel regarding (1) the lack of a withheld judgment, (2) the lack of a perfected direct appeal, and (3) the lack of a timely post-conviction petition challenging the court's failure to grant the withheld judgment, were time-barred and that Petitioner was not entitled to equitable tolling. (*Id*.) Although Petitioner had presented evidence that he was briefly hospitalized for mental illness, was taking medication for his mental health, and was exhibiting "cognitive distortions" during some part of the statute of limitations period, these facts did not show that Petitioner was entitled to equitable tolling. (*Id*. at 6-7.) The court also held that even accepting Petitioner's argument that he was mentally incapacitated during all of those times, there was still a four-month period within which he could have filed a post-conviction petition prior to the November 21, 2008 deadline. (*Id*. at 6-7.) The Idaho Supreme Court denied review and issued its remittitur on May 22, 2012. (State's Lodging E-7 & E-8.)

**MEMORANDUM DECISION AND ORDER  13**

### G.    *The Federal Petition*

On May 19, 2010, during the pendency of his state court proceedings, Petitioner filed his initial Petition in this Court (Dkt. 3). The Court stayed the case on February 4, 2011. (Dkt. 30). The Court reopened Petitioner's case after the conclusion of Petitioner's state court proceedings, and Petitioner filed a Second Amended Petition on June 11, 2012. In the Second Amended Petition, Petitioner raises the following claims:

**(A)**    **(1)**    Violation of due process based on the trial court's failure to enter a withheld judgment in accordance with the plea agreement (Sec. Am. Pet., Dkt. 33, at 8-9);

**(2)**    Ineffective assistance of counsel based on Parmenter's **(a)** allowing Petitioner to attend a pre-sentence interview without counsel, **(b)** failure to object to the judgment of conviction entered on May 21, 2007, and **(c)** failure to file a timely motion to withdraw Petitioner's guilty plea (*id*. at 10-11);

**(B)**    Ineffective assistance of counsel based on Parmenter's failure to pursue Petitioner's direct appeal (*id.* at 11-14);

**(C)**    Violation of due process based on the state's objection to Petitioner's motion to withdraw his guilty plea (*id.* at 14-15);

**(D)**    Violation of due process based on the state courts' failure to toll the applicable statute of limitation in Petitioner's post-conviction proceedings (*id.* at 16-25);

**MEMORANDUM DECISION AND ORDER  14**

**(E)**    Violation of due process based on the state courts' refusal to apply equitable

estoppel with respect to Petitioner's tolling arguments (*id.* at 26-30);

**(F)**    Violation of due process based on the state courts' failure to liberally

construe his pro se pleadings (*id.* at 30-33); and

**(G)**    Actual innocence (*id.* at 33-37).

The Court now turns to Respondent's argument that the Petition was not filed

within the one-year limitations period provided in 28 U.S.C. § 2244(d).

## 2.    Standard of Law

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24,

1996, established a one-year statute of limitations for federal habeas corpus actions. *See*

28 U.S.C. § 2244(d)(1). Title 28 U.S.C. § 2244(d)(1) provides that the statute limitations

period is triggered by one of four events:

(A)    the date on which the judgment became final by the conclusion of
direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by
State action in violation of the Constitution or laws of the United
States is removed, if the applicant was prevented from filing by such
State action;

(C)    the date on which the constitutional right asserted was initially
recognized by the Supreme Court, if the right has been newly
recognized by the Supreme Court and made retroactively applicable
to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of due
diligence.

**MEMORANDUM DECISION AND ORDER  15**

Petitioner's case involves subsection (d)(1)(A)—his conviction became final on the date of the conclusion of direct review or the expiration of the time for seeking such review. Direct review of a conviction includes the opportunity to file a petition for a writ of certiorari in the United States Supreme Court. The Supreme Court has clarified application of § (d)(1)(A) as follows:

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).

Petitioner did not seek review with the United States Supreme Court. Because "review [was] sought in the state's highest court but no petition for *certiorari* to the United States Supreme Court [was] filed," Petitioner's conviction became final "when the certiorari petition would have been due, which is 90 days after the decision of the state's highest court." *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010). The 90-day period for seeking certiorari with the United States Supreme Court "runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)."[3] U.S. Sup. Ct. Rule 13.3; *see*

---

[3] Thus, the federal limitations period began to run when the Idaho Supreme Court dismissed Petitioner's appeal, not when it issued its remittitur nearly a month later. This is true even though Idaho's one-year limitations period for state post-conviction petitions begins to run when the remittitur is issued. *See Ferguson v. Palmateer*, 321 F.3d 820, 883 (9th Cir. 2003) ("It is unreasonable for a federal habeas petitioner to rely on a state statute of limitations rather than

**MEMORANDUM DECISION AND ORDER  16**

*Gonzalez*, 132 S. Ct. at 654 n.10. Therefore, Petitioner's judgment of conviction became final on January 20, 2008, 90 days after the Idaho Supreme Court dismissed Petitioner's appeal on October 22, 2007. *See Porter*, 620 F.3d at 958-59. Ordinarily, then, the Petition would have been due on January 20, 2009.

However, the one-year statute of limitations can be tolled (or suspended) under certain circumstances. First, AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 131 S. Ct. 1278, 1286-87 (2011). Thus, to the extent that a petitioner properly filed an application for post-conviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed. Any post-conviction petition or other collateral proceeding that is untimely under state law is not considered properly filed and thus does *not* toll the statute of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

The limitations period may also be equitably tolled under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he

─────────────

the AEDPA's statute of limitations.").

**MEMORANDUM DECISION AND ORDER  17**

has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). To qualify for equitable tolling, a circumstance must have *caused* a petitioner to be unable to file his federal petition on time.

In addition, the statute of limitations is subject to an actual innocence exception. If a petitioner "demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may . . . have his constitutional claims heard on the merits," even if the petition is otherwise time-barred. *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc).

**3.    Discussion of the Statute of Limitations as It Applies to Petitioner's Claims**

**A.    *The Statue of Limitations Remains at Issue***

The Court will first address Petitioner's contention that the Court has already determined that his Petition was timely. Petitioner argues that United States Magistrate Judge Larry M. Boyle would have dismissed the Petition on initial review if the claims were untimely. (Pet. Opp. to Mot. to Dismiss, Dkt. 47, at 1.) Further, Petitioner asserts that this Court would not have stayed his Amended Petition if he had brought his claims outside the limitation period and notes that, when the Court stayed the case, it noted that Petitioner "ha[s] been steadily pursuing his claims in state court without undue delay." (Memorandum Decision and Order dated Feb. 4, 2011, Dkt. 30, at 3-4.)

Petitioner misunderstands the purpose of the Court's initial review. That review

**MEMORANDUM DECISION AND ORDER  18**

was not meant to be a final determination of the issues in Petitioner's case. The Court

reviewed the Petition under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254

Cases. Rule 4 requires a federal court to "promptly examine" habeas petitions and

dismiss any petition from which "it plainly appears . . . that the petitioner is not entitled

to relief." Noting that Petitioner was still pursuing his claims in state court, the Court in

the Initial Review Order informed Petitioner that he could file a motion to stay the

federal proceedings. (Dkt. 7 at 4.) The Court did not consider whether the Petition was

timely filed.

   Further, when the Court noted in its Memorandum Decision and Order staying the

case that Petitioner was pursuing his state post-conviction remedies without delay (Dkt.

30 at 3-4), it was not opining that AEDPA's one-year statute of limitations had been

satisfied. Instead, the Court simply determined that good cause existed to grant

Petitioner's motion to stay. Again, the Court did not consider whether the Petition had

been filed within the statute of limitation.

   The Court now considers the timeliness of the initial Petition.

   **B.**  ***The Petition Was Not Timely Filed***

   Absent tolling, the statute of limitations period would have expired on January 20,

2009. Petitioner filed his initial Petition in this Court, at the earliest, on May 17, 2010.

*See Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (holding that if a prisoner is entitled

to the benefit of the mailbox rule, a legal document is deemed filed on the date a

Petitioner delivers it to the prison authorities for filing by mail, rather than the date it is

**MEMORANDUM DECISION AND ORDER  19**

actually filed with the clerk of court); Rule 3(d) of the Rules Governing Section 2254

Cases. Thus, the claims in the Second Amended Petition are barred by AEDPA's one-

year statute of limitation unless Petitioner establishes that he is entitled to statutory or

equitable tolling.

> i.   Statutory Tolling

As set forth above, AEDPA's one-year limitations period is tolled for all of the

time "during which a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C.

§ 2244(d)(2). Petitioner filed his state post-conviction petition on March 25, 2009.

However, because the Idaho Court of Appeals held that the petition was untimely, that

petition was not properly filed and thus cannot serve as a basis for statutory tolling.[4]

---

[4] Petitioner also asserts that the state district court and the Idaho Court of Appeals should
have found the post-conviction petition timely by applying equitable estoppel. (Pet. at 28-29,
Dkt. 33-1 at 3-4.) While equitable estoppel "does not 'extend' a statute of limitation," it works in
a similar manner to prevent a party who has falsely represented or concealed a material fact with
actual or constructive knowledge of the truth "from pleading and utilizing the statute of
limitations as a bar, although the time limit of the statue may have already run." *J.R. Simplot Co.,
v. Chemetics Int'l, Inc*., 887 P.2d 1039, 1041 (Idaho 1994). Petitioner relies on the state's brief
opposing his motion to withdraw the guilty plea, in which the state erroneously stated that the
statute of limitations for a post-conviction action had already run. (State's Lodging F-2 at 231.)
Petitioner claims this is one of the reasons why he failed to file his state post-conviction petition
on time. He alleges that the state's error, combined with the court's misstatement that Petitioner
had only 100 days from the date of judgment to file a post-conviction petition, caused Petitioner
to "relax[] [his] vigilance" on the statute of limitations issue. (Pet. at 29, Dkt. 33-1 at 4.)

However, the Idaho Court of Appeals rejected Petitioner's argument and held that the
post-conviction petition was untimely. This Court cannot revisit that court's interpretation and
application of state law. *See Carey v. Saffold*, 536 U.S. 214, 226 (2002) (noting that if a state
court clearly rules that a state post-conviction petition is untimely, that is "the end of the matter"
with respect to statutory tolling under AEDPA), *reaffirmed in Pace*, 544 U.S. at 414 (2005).
Further, the state and the court erred by misstating the limitations period of a *state* post-
conviction petition; neither made any representation as to the *federal* statute of limitations

MEMORANDUM DECISION AND ORDER  20

*Pace*, 544 U.S. at 414.

Petitioner's motion to withdraw his guilty plea, filed April 11, 2008, is not an "application for State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2), and thus did not toll AEDPA's statute of limitation. "'[C]ollateral review' means a form of review that is not part of the direct appeal process." *Wall*, 131 S. Ct. at 1284. A motion to withdraw a plea to a criminal charge, filed in the criminal case itself, is not a collateral attack on the conviction. Moreover, even if the motion met the definition of "collateral review" for purposes of § 2244(d)(2), it was not "properly filed" because it was untimely under state law. *See Pace*, 544 U.S. at 414.

Petitioner may, however, be entitled to statutory tolling for the period during which his Rule 35 motion was pending in the state courts. *See Wall*, 131 S. Ct. at 1286-87 (determining that a motion to reduce sentence under Rhode Island law tolled the statute of limitations pursuant to § 2244(d)(2)). The time before a petitioner files an initial application for collateral review in state court, however, does not toll the statute of limitation. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."), *abrogated on other grounds as stated in Nedds v. Calderon*, 678 F.3d 777, 781 (9th Cir. 2012). Exactly 239 days of the limitations period had already

established by AEDPA.

**MEMORANDUM DECISION AND ORDER  21**

passed between the date Petitioner's conviction became final (January 20, 2008) and the date he signed the Rule 35 motion (September 15, 2008). (State's Lodging F-2 at 335.) Because 2008 was a leap year, Petitioner had 127 days remaining when the limitations period stopped running on September 15, 2008.

To determine the date when Petitioner's state court post-conviction action concluded, the Court looks to state law. *Allen v. Lewis*, 295 F.3d 1046, 1046 (9th Cir. 2002) (en banc) (reaffirming *Bunney v. Mitchell*, 249 F.3d 1188 (9th Cir. 2001), *superseded by* Cal. Rule of Court 29.4(b)(2)(C)); *see also Lawrence v. Florida*, 549 U.S. 327, 331 (2007)). In Idaho, decisions of the Idaho Supreme Court are final when the remittitur is issued. *See Jakoski*, 32 P.3d at 679.

The remittitur on Petitioner's appeal regarding his Rule 35 motion issued on September 16, 2009. (State's Lodging C-12.) The clock on Petitioner's federal petition started again on that date because his state post-conviction petition—which was pending at the time—was not properly filed under 28 U.S.C. § 2244(d)(2) and did not toll the limitations period. Thus, he had until January 21, 2010 (127 days after September 16, 2009), to file his petition. Even with statutory tolling, Petitioner's May 17, 2010, federal petition was still nearly four months late. Therefore, Petitioner's claims can be deemed timely only if he is also entitled to equitable tolling.

### ii.    Equitable Tolling

As noted above, equitable tolling will apply if (1) the petitioner has pursued his rights diligently and (2) extraordinary circumstances stood in his way and prevented a

**MEMORANDUM DECISION AND ORDER  22**

timely filing. *Holland*, 130 S. Ct. at 2562.[5] "Equitable tolling is justified in few cases, though. 'Indeed, the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule.'" *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (alteration omitted) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

The Court will first consider whether Parmenter's failure to pursue the direct appeal, or to notify Petitioner of the need to file the required paperwork, constituted an extraordinary circumstance that prevented Petitioner from filing a timely federal petition. Regardless of whether Petitioner had paid Parmenter for his services, Parmenter at least should have notified Petitioner of the need to file an indigency affidavit.

Although it is unclear when precisely Petitioner became aware that his appeal had been dismissed because of Parmenter's inaction, Petitioner knew of it, at the latest, by February 25, 2008, when he signed and mailed his pro se notice of appeal of his

-------

[5] Petitioner's argument that this Court should apply the state of Idaho's equitable tolling principles is incorrect. (*See* Sec. Am. Pet. at 19.) For purposes of certain federal actions to which there is no applicable federal statute of limitations, such as the civil rights claim in the case cited by Petitioner, federal courts will borrow a state statute of limitations on an analogous claim and apply state law tolling principles. *See, e.g., Bd. of Reg. of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 485 (1980) (restating "the general principle that since there was no specifically stated or otherwise relevant federal statute of limitations for the federal substantive claim created by Congress . . . , the controlling period would ordinarily be the most appropriate one provided by state law.") (internal quotation marks omitted)); *Wilson v. Garcia*, 471 U.S. 261, 278-80 (1985) (holding that civil rights claims brought under 42 U.S.C. § 1983 are subject to the statute of limitations for state law personal injury claims in the state where the claim arose), *superseded by statute on other grounds as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004). The federal habeas statute, however, has a specific statute of limitations, and the Court must therefore apply federal tolling principles. *See* 28 U.S.C. § 2244(d).

**MEMORANDUM DECISION AND ORDER  23**

probation revocation. (State's Lodging A-1 at 153-56.) In his brief accompanying this notice of appeal, Petitioner stated that his initial appeal was "dismissed by counsel for funding." (*Id*. at 160.) Therefore, because the limitations period began to run on January 20, 2008, Parmenter's inaction could have contributed to, at most, 37 days of delay.[6]

The next issue the Court must address is whether Petitioner's mental state also contributed to the delay. Petitioner claims that due to (1) a stay at the prison hospital for depression and suicidal ideation, (2) heavy medication, and (3) limited access to legal materials, the statute of limitations should be equitably tolled from April 23, 2008 to July 2008.[7] (Sec. Am. Pet. at 20-21.)

The record does not establish that Petitioner's mental state constitutes an extraordinary circumstance for purposes of equitable tolling. First, although it is clear

---

[6] Petitioner asserts that ineffective assistance of counsel *other than* Parmenter also affected his ability to file his petition on time. The Court need not address Petitioner's claim with respect to the failure of the State Appellate Public Defender's Office to include the denial of Petitioner's motion to withdraw Petitioner's guilty plea as an issue on appeal; Petitioner received post-conviction relief on that claim. As to Petitioner's other lawyers, the record reveals that they represented him ably and commendably. A running theme throughout Petitioner's unhappiness with his attorneys is that they refused to file certain documents or make certain arguments. But because attorneys are subject to strict ethical rules prohibiting, among other things, the presentation of frivolous claims, a refusal to file what Petitioner wanted filed does not necessarily show defective representation. (*See, e.g.*, State's Lodging D-6 at 24-25) (post-conviction counsel explaining why she did not follow Petitioner's every instruction as to litigation strategy)). Petitioner's complaints about these other attorneys are not supported by the record.

[7] Petitioner also claims he is entitled to equitable tolling from November 2007 to December 31, 2007, because he was civilly committed during that time. (Sec. Am. Pet. at 20.) However, because the statute of limitation did not begin to run until January 20, 2008, his commitment in November and December 2007 could not have affected his ability to file within the requisite time period.

**MEMORANDUM DECISION AND ORDER  24**

that Petitioner has had mental health issues, nothing in the record suggests that those issues were so debilitating that they affected Petitioner's ability to act in his own interest during the time period in question. Depression is a serious illness, but having that illness does not necessarily render one incapable of acting to preserve a legal right. Similarly, that Petitioner may have suffered from cognitive distortions and been prescribed medication is not sufficient to show that such distortions or medication affected him to the high degree required for equitable tolling.

Further, Petitioner's patent ability to file the pro se motions in his criminal case, including the motion to withdraw his guilty plea, convinces the Court that his mental state was not a hindrance to Petitioner's pursuit of his claims. In addition, in each court hearing where Petitioner spoke, he did so clearly and articulately. He showed an above average knowledge of the law. Nowhere in the transcripts does it appear that Petitioner was incapable of pursing his legal rights. Petitioner has not shown extraordinary circumstances during the time frame at issue.[8]

Finally, even if Petitioner is allowed to exclude the time period from April 23, 2008 to July 2008, as well as the time during which he was unaware that his direct appeal had been dismissed, applying equitable tolling during those time periods would not render his Petition timely because Petitioner still had plenty of time to file his

---

[8] Although the Court independently determines that Petitioner's mental state during the time period at issue is not grounds for equitable tolling, it should be noted that after an evidentiary hearing, the state courts also found that Petitioner was competent enough to understand his legal rights and file various motions and, therefore, was not entitled to equitable tolling under Idaho law. (State's Lodging E-4 at 6-7.)

**MEMORANDUM DECISION AND ORDER  25**

petition. Petitioner's federal petition, when statutory tolling is taken into account, was

due January 21, 2010. There were 57 days between February 25, 2008 (when Petitioner

knew about Parmenter's inaction on direct appeal), and April 22, 2008—a period in

which Petitioner was mentally stable. (*See* Sec. Am. Pet. at 20.) Further, assuming that

Petitioner's alleged mental incapacity lasted through the entire month of July, he had

another 45 days of mental stability, from August 1, 2008 to September 15, 2008 (when

he signed his Rule 35 motion for reduction of sentence, which statutorily tolled the one-

year limitations period). Finally, Petitioner had 127 days, from September 16, 2009

(when the Idaho Supreme Court issued its remittitur in Petitioner's appeal on his Rule 35

motion), to January 21, 2010, to file a petition in this Court.

Therefore, the time during which Petitioner was admittedly not hindered by

mental illness or Parmenter's inaction totals 229 days. Included in that amount of time

was a single stretch of 127 days—over four months. Petitioner offers no reason, other

than his pro se prisoner status and some overly vague allegations of a lack of sufficient

legal materials, to justify his failure to file for federal habeas relief when he had the

opportunity and ability to do so. (*See* Sec. Am. Pet. at 21.) And "*pro se* status, on its

own, is not enough to warrant equitable tolling." *Roy v. Lampert*, 465 F.3d 964, 970 (9th

Cir. 2006). Therefore, he has not shown that any of the issues of which he complains

actually *prevented* him from filing within the limitations period. *See Holland*, 130 S. Ct.

at 2562.

**MEMORANDUM DECISION AND ORDER  26**

###### iii.    Actual Innocence

Finally, the Court will address Petitioner's claim that he is innocent of the crime of conviction. Although a freestanding claim of actual innocence is not cognizable on collateral review in a federal habeas corpus action, a habeas petitioner may avoid a procedural bar, such as the statute of limitations, by making a credible showing of actual innocence. *See Herrera v. Collins*, 506 U.S. 390, 404-05 (1993) ("[O]ur habeas jurisprudence makes clear that a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."). To do so, Petitioner must show there is a reasonable probability that *no* reasonable juror would have voted to convict—or, stated in the positive, that *every* reasonable juror would have voted to acquit.[9] *Lee*, 653 F.3d at 927.

Petitioner offers his own statements that he was not under the influence of alcohol while driving. Petitioner also contends that the he could not possibly have committed the driving errors that caused the officers to stop his vehicle—failing to use his turn signal and speeding on certain roads. He supports this claim as follows:

> Perplexing, however, is all of these alleged [driving] errors were purportedly accomplished in a 1990 GMC Safari Mini Van with ± 300,000 miles on it, a slipping 4 speed

---

[9] The fact that Petitioner pleaded guilty, by itself, does not necessarily bar him from asserting an actual innocence gateway claim. *See Bousley v. United States*, 523 U.S. 614, 623-24 (1998) ("Petitioner's claim may still be reviewed in this collateral proceeding if he can establish that the constitutional error in his plea colloquy has probably resulted in the conviction of one who is actually innocent.") (internal quotation marks omitted).

**MEMORANDUM DECISION AND ORDER  27**

> transmission, a fuel injection system converted into a two
> barrel carburetor, a factory reported blindspot on right hand
> turns, all done while in traffic, on sections of road where a
> professional driver in a Porsche 911 Carrera would have a
> difficult time achieving[.]

(Sec. Am. Pet. at 34, Dkt. 33-1 at 9.) Petitioner also argues that the medications he was

given, upon his placement in jail on the day of his arrest, could have resulted in serious

death if mixed with alcohol, "a risk a licensed professional wouldn't take if they

believe[d] the Petitioner under the influence of any significant amount of alcohol." (*Id.*)

Petitioner's arguments are not evidence, and they simply do not establish a

reasonable probability that, had he chosen to go to trial, *every* reasonable juror would

have found him not guilty. Therefore, Petitioner's actual innocence gateway claim fails,

and he cannot avoid the statute of limitations bar.

### 4.    Petitioner's Request for State Court Records

Petitioner moves for an order requiring Respondent to immediately answer the

Second Amended Petition and forward all state court records to him. (*See* Dkt. 42.) The

Court will deny this motion in part. Respondent is allowed to file a pre-answer motion,

such as the pending Motion for Summary Dismissal, rather than an answer. Moreover,

the 90-day period Petitioner asks the Court to shorten has already passed.

However, the Court will grant Petitioner's request that Respondent forward the

state court records to him. Pursuant to Rule 5(c) of the Rules Governing Section 2254

Cases, a respondent "must attach to the answer parts of the transcript that the respondent

considers relevant. The judge may order that the respondent furnish other parts of

**MEMORANDUM DECISION AND ORDER  28**

existing transcripts." Although this Rule by its terms applies only to a respondent's answer, the Court finds it appropriate in this case to order Respondent to provide Petitioner with all state court records relevant to the statute of limitations issue within 10 days. Petitioner will then have 14 days to review the record and file a response to this Order if he believes that the Court's calculation of the statute of limitations deadline, or its application of tolling principles, is incorrect.

**5.     Conclusion**

For the foregoing reasons, the Court concludes that Petitioner's habeas claims are barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Therefore, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Second Amended Petition must be conditionally dismissed.

**ORDER**

**IT IS ORDERED:**

1.     Respondent's Motion for Summary Dismissal (Dkt. 44) is CONDITIONALLY GRANTED. The Second Amended Petition for Writ of Habeas Corpus (Dkt. 33) is CONDITIONALLY DISMISSED with prejudice as untimely.

2.     Respondent's Motion to File an Oversize Brief in support of the Motion for Summary Dismissal (Dkt. 45) is GRANTED.

3.     Respondent's Motion to File an Oversize Reply Brief (Dkt. 49) is GRANTED.

**MEMORANDUM DECISION AND ORDER  29**

4.      Petitioner's Motion Clarifying Objection to Motion for Summary

Dismissal (Dkt. 50) is DENIED.

5.      Petitioner's Emergency Motion seeking a reduction of the 90-day period

within which Respondent is required to file an answer and requesting an

order compelling Respondent to forward Petitioner all state court records

(Dkt. 42) is GRANTED IN PART and DENIED IN PART. Respondent

shall provide Petitioner with a copy of all state court records relevant to the

statute of limitations question (including tolling issues) within 10 days of

the date of this Order.

6.      Petitioner shall have 14 days after he receives the state court records to file

a response to this Order showing why the Court should not enter an order

of final dismissal. Petitioner's brief shall be limited to the issues discussed

in this Order. Respondent shall not file any reply to Petitioner's response

unless the Court so orders.


DATED:  **September 5, 2013**


Honorable Edward J. Lodge

U. S. District Judge


**MEMORANDUM DECISION AND ORDER  30**